UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD BOU-NASSIF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-10066-LTS |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, | ) | |
| and JOHN DOE | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS

April 16, 2015

SOROKIN, J.

Plaintiff Edward Bou-Nassif ("Plaintiff") has filed a complaint with a sparse set of factual allegations. Compl. Specifically, Plaintiff alleges that in April of 2011, he sent a package of documents for consideration for a loan modification, Compl. ¶ 3, that on August 11, 2011 an identified employee of Bank of America told Plaintiff that the Bank had suspended foreclosure procedures on his home, id. ¶ 4, that on August 12, 2011, Bank of America foreclosed on his property, id. ¶ 6, and that thereafter continued discussions took place between Plaintiff and the Bank "as to undue [sic] this matter and to re-assess this miss communication [sic] because the Plaintiff was under the HAMP procedures and a suspense [sic] of this foreclosure action was to take place," id. ¶ 7. Nonetheless, on September 13, 2011 Plaintiff received a Notice to Quit, a hearing was scheduled for eviction on October 31, 2011, but cancelled due to a surprise snowstorm, no further date was issued to the Plaintiff and, on January

11, 2012, Plaintiff and his family, including three young children, were physically removed from their home.  Id. ¶¶ 8-10.

Plaintiff asserts nine separate counts naming Bank of America, Federal National Mortgage Association ("Fannie Mae") and a John Doe as defendants ("Defendants").  Id.  Defendants move to dismiss the complaint. Doc. No. 14.

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In deciding a motion to dismiss, the Court, accepting all well-pleaded facts as true and viewing them in a light most favorable to the claimant, must dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim that is "plausible on its face," showing more than "a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To meet this standard, the complaint must contain "enough factual material 'to raise a right to relief above the speculative level.'"  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 555).

In Count I Plaintiff brings a claim under chapter 93A, section 2 of the Massachusetts General Laws against the defendants.  This claim is DISMISSED against both defendants for failure to plead compliance with section 9(3) of chapter 93A requiring the sending of a written demand for relief in advance of filing suit.  See Smith v. Jenkins, 777 F. Supp. 2d 264, 267 (D. Mass. 2011); Mass. Gen. Laws ch. 93A, § 9(3).  This claim is DISMISSED against defendant Fannie Mae as the Complaint fails to state a plausible claim of violation of Chapter 93A by this defendant.  Simply put, there are no allegations against Fannie Mae at all.

In Count II Plaintiff brings a common law misrepresentation claim against both defendants. This claim is DISMISSED against Fannie Mae for there are no factual allegations supporting such a claim against that defendant. This claim is DISMISSED against Bank of America for failing to allege sufficient non-conclusory factual allegations which plausibly allege the claim.

In Count IV Plaintiff brings a claim for Breach of the Covenant of Good Faith and Fair Dealing arising out of the Note and Mortgage. This claim is DISMISSED as Plaintiff fails to identify either a provision of the Note or Mortgage violated by a defendant or how proceeding with a foreclosure breached the covenant of good faith and fair dealing arising out of the Mortgage or Note. This claim also fails to comply with the basics requirements of notice pleading by failing to identify the defendant, as Defendants' papers suggest that Fannie Mae acquired title to Plaintiff's home pursuant to the foreclosure deed and therefore it, not Bank of America, may have conducted the eviction, and it owes no duty to Plaintiff as it was not a party to any contract with Plaintiff.

In Count V Plaintiff alleges negligence by Bank of America in servicing Plaintiff's mortgage. Under Massachusetts law, lenders normally do not owe borrowers a duty of care. See FAMM Steel, Inc. v. Sovereign Bank, 751 F.3d 93, 102 (1st Cir. 2009). Although a fiduciary duty to a borrower can arise when the lender "assume[s] a duty of care to the borrower through contractual terms" or when an "usual relationship of trust" between the borrower and lender exists, see Pimental v. Wachovia Mortg. Corp., 411 F. Supp. 2d 32, 40 (D. Mass. 2006), Plaintiff does not make any claim that a fiduciary relationship arose between the parties, contractually or through a special relationship. Accordingly, this claim is DISMISSED.

In Count VI Plaintiff alleges a violation of RESPA "12 U.S.C. § 2705 regarding transfer of servicing and responding to qualified written requests." Compl. ¶ 35. Section 2705 concerns emergency mortgage relief payments. 12 U.S.C. § 2705. Plaintiff makes no factual allegations to support such a claim and, in any event, § 2705 does not give rise to an express private right of action. Lopenlena v. Litton Loan Serv., LP, No. 3:12-CV-05313, 2012 WL 4479580, at *3 (W.D. Wash. Sept. 28, 2012). Perhaps, as defendants suggest, Plaintiff means to plead a claim under § 2605 which establishes standards regarding disclosures at the time of a mortgage loan, related disclosures when servicers change and certain other requirements. See 12 U.S.C. § 2605. Plaintiff's claim fails to set forth plausible factual allegations sufficient to state such a claim. Contrary to defendants' argument, § 2614 establishes a three year statute of limitations for violations of § 2605. 12 U.S.C. § 2614. Accordingly, Count VI is DISMISSED.

In Count VII Plaintiff alleges breach of an oral contract not to foreclose. This claim is DISMISSED as it appears to violate the Massachusetts Statute of Frauds, Mass. Gen. Laws ch. 259, § 1, French v. Chase Bank, N.A., No. 10-CV-11330-RGS, 2012 WL 273724, at *2 (D. Mass. Jan. 31, 2012) (citing Montuori v. Bailen, 194 N.E. 714, 715 (Mass. 1935)), and Plaintiff has failed to allege sufficiently all the elements of a contract claim including the essential terms of the contract and his performance under it. The claim fails as to Fannie Mae as there are no factual allegations regarding Fannie Mae.

In Count VIII Plaintiff alleges a promissory estoppel claim. This claim is DISMISSED as to Fannie Mae for the reasons stated with respect to other counts. It is DISMISSED as to Bank of America as it is pled in too conclusory a manner. For example, Plaintiff makes no allegation that after the foreclosure his reliance on the pre-closure promise was reasonable.

In Count IX Plaintiff purports to assert a claim against "Orlans Moman PLLC" of breach of duty. This claim is DISMISSED. Orlans Moman PLLC does not appear either in Plaintiff's caption or in the party section of the complaint. In addition, the record before the Court fails to indicate that Plaintiff has served such an entity. The time for such service, absent good cause, has passed under Federal Rule of Civil Procedure 4(m).

In Count III Plaintiff brings a claim for a declaration that defendant Bank of America lacked the legal rights to foreclose on the Property. In light of the Court's rulings on the Motion to Dismiss above and the allegations in the Complaint, this claim is DISMISSED.

For the foregoing reasons, the Motion to Dismiss, Doc. No. 14, is ALLOWED. Plaintiff may seek leave to amend the complaint. If Plaintiff persists in claims against Fannie Mae then it must allege a factual basis for those claims. Plaintiff may not name individuals or entities in a lawsuit as defendants and serve them, Doc. No. 7-1, while failing to include any allegations of their conduct in the complaint. See Fed. R. Civ. P. 11(b). In addition to the foregoing, if Plaintiff seeks leave to amend, Plaintiff's memorandum in support of his motion to amend shall explain how the proposed amended complaint cures the deficiencies identified by the Court. Any motion to amend shall be filed within fourteen days of this Order.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge